12,760.

FLORVILLE FOY ET ALS. VS. MAYOR AND COUNCIL OF NEW ORLEANS.

An ordinary action of a judgment creditor of the city of New Orleans attaoking the 1897 annual city budget subsequent to its approval by special ordinance, and also the 1898 budget six months prior to its preparation and presentation, discloses no cause of action.

APPEAL from the Civil District Court for the Parish of Orleans. King, J.

*Charles Lonque* for Plaintiffs, Appellants, and *James J. McLoughlin*, Assistant City Attorney, and *Samuel L. Gilmore*, City Attorney, for Defendants, Appellees.

Argued and submitted April 23, 1898.
Opinion handed down June 22, 1898.

The opinion of the court was delivered by

WATKINS. J.   The plaintiff, Foy, alleging hImself to be a judgment creditor of the city of New Orleans for the sum of sixteen hundred and fifty-eight dollars with interest, and in the further sum of nine hundred and thirty dollars with interest, less a credit of one thousand dollars paid and credited thereon; and various other judgment creditors for sundry small amounts of two or three hundred dollars each, join in one petition and make common cause; and for the reasons therein assigned they jointly demand that the defendant "be directed to amend their budget of 1897 so as to strike therefrom all items which have been objected to   *   *   *   and that they be ordered to place  (their claims) upon said budget for the full amount of their judgments," etc.;  and in the alternative, that the court can not afford them full and adequate relief on the budget of 1897 " that said council be ordered to place petitioners on the budget of 1898," etc.

On the trial there was judgment in favor of the defendants and the plaintiffs have appealed.

The theory of the plaintiffs is that several creditors of the city enjoined the payment by the city of several items of indebtedness which figured upon the city's annual budget of 1897, and same was made perpetual by a final judgment of this court.

Foy et als. vs. Mayor and Council of New Orleans.

That petitioners object to certain enumerated items aggregating seventy-two thousand dollars, which had been illegally budgeted and appropriated therein.

That the plaintiff, Foy, sued out a *mandamus* to compel the City Council to budget the amounts of his aforesaid judgments, but that relief was denied, with the right reserved to attack the budget in a direct action.

That the city has recently passed two ordinances whereby said amounts have been applied to the liquidation of the expenses of garbage removal; but that said sums of money have not been actually expended by the City Treasurer.

That it is the duty of the City Council to provide annually for the payment of judgments.

The defendants first tendered a plea of no cause of action, and the judge *a quo* having referred same to the merits, they filed an answer pleading the general issue.

In the course of the discussion defendant's counsel suggested our lack of jurisdiction *ratione materiæ;* but it is not well taken. See Marx vs. Myers, 50 An. —.

It seems to us too clear for argument that the exception of no cause of action should have been, if it was not, sustained in the District Court; and this fact can not now be ascertained, for the reason that the record fails to disclose the ground on which our learned brother of that court pitched his decision.

The decisions of this court to which the plaintiff's petition doubtless refers are the following, viz.:

State *ex rel.* Foy vs. Mayor and Council, 49 An. 947, and

Badger, Receiver, vs. City, 49 An. 804.

Both of these cases were *mandamus* proceedings taken against the Mayor and City Council for the purpose of compelling said respondents to put their respective claims upon the city budget for the year 1897.

In each case judgment went in favor of the respondents, and the respective relators appealed.

In the Foy case, above referred to, there was the following reservations made, viz.: "the *mandamus* be and same is hereby dismissed under reservation of *any legal rights which he may have as* holder and owner of the judgments which he declared on."

In that immediate connection we were careful enough to say:

." We express no opinion as to the scope of the rights which the relator may be entitled as holder of the judgments on which he declares, whether by virtue of the pleadings in the case on which they were rendered and the terms of the judgments themselves he be entitled as a ' general creditor,' to be paid out of any and all funds which may be found available for the payment of ' debts ' of the corporation, or whether to be restricted to some special fund or funds."

We have substantially the same difficulty still confronting us; for whether plaintiffs be the general or special creditors of the city, there is nothing in the record to show.

This matter being in doubt, and entirely undetermined, we can not see our way to granting the relief plaintiffs demand.

There are three obstacles in their way: (1) The budget was finally approved in December, 1897, by a special ordinance of the city, which bars and absolutely concludes all those who did not formally oppose same; (2) the budget of the year 1898 can not, under the law, be prepared and filed until the month of December, 1898, and consequently, *quoad hoc* this suit is premature, there being no 1898 budged *in esse;* (3) there is no substantial basis upon which this suit can rest, as neither the budget of 1897 nor 1896 can, under existing circumstances, be attacked in this form of proceeding.

. For these reasons this suit discloses no cause of action.    Judgment affirmed.